United States District Court
Southern District of Texas
**ENTERED**
June 15, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAY, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-16-1653 |
| | § | |
| UOP L.L.C., | § | |
| | § | |
| Defendant. | § | |

## ORDER TO AMEND NOTICE OF REMOVAL TO ALLEGE FACTS ESTABLISHING SUBJECT MATTER JURISDICTION

Plaintiff, Bay, Ltd. ("Bay"), filed this action on May 3, 2016, in the 334th Judicial District Court of Harris County, Texas, against defendant, UOP L.L.C. ("UOP"), asserting claims for breach of contract and quantum meruit based on state law. On June 10, 2016, defendant filed a Notice of Removal (Docket Entry No. 1). Citing 28 U.S.C. § 1332(a) and stating that the amount in controversy exceeds $75,000.00,[1] defendant asserts that removal is proper because "there is complete diversity of citizenship between plaintiff and defendant."[2] Defendant explains:

> On information and belief, based on plaintiff's own representations, at the time plaintiff commenced this action in Texas state court and at the time of the filing of this Notice of Removal, plaintiff was and is a citizen of the State of Texas. See Plaintiff's Original Petition at ¶ 2. At the time of the commencement of this action, Defendant UOP was, and is now, a foreign citizen, i.e.,

---

[1]Notice of Removal, Docket Entry No. 1, pp. 1-2, ¶ 2.

[2]Id. at 2 ¶ 3.

an entity organized and existing under the laws of Illinois with its principal office and place of business located at 25 East Algonquin Road, Des Plaines, Illinois 60016. See Plaintiff's Original Petition at ¶ 3.

"Jurisdiction cannot be waived, and it is the duty of a federal court first to decide, sua sponte if necessary, whether it has jurisdiction before the merits of the case can be addressed." Filer v. Donley, 690 F.3d 643, 646 (5th Cir. 2012). See also A.I.M. Controls, L.L.C. v. Commissioner of Internal Revenue, 672 F.3d 390, 392 (5th Cir. 2012) ("Federal courts 'must raise and decide jurisdictional questions that the parties either overlook or elect not to press.'") (quoting Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011)). Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Id. (quoting Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)). Moreover, the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Insurance Co., 243 F.3d 912, 916 (5th Cir.), cert. denied, 122 S. Ct. 459 (2001). Thus, defendant as the party asserting federal jurisdiction, has the burden to demonstrate there is complete diversity.

Plaintiff's Original Petition states:

2. Plaintiff Bay is a Texas limited partnership with its principal place of business in Corpus Christi, Texas.

3. Defendant UOP is a limited liability company organized under the laws of Illinois with its principal office and place of business in Des Plaines, Illinois. UOP's address is 25 East Algonquin Road, Des Plaines, Illinois 60016.[3]

"The citizenship of a limited partnership is based upon the citizenship of each of its partners." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (citing Carden v. Arkoma Associates, 110 S. Ct. 1015, 1021-22 (1990)(holding that the citizenship of an unincorporated entity or association, such as a partnership, is based upon the citizenship of each of its members)). Like limited partnerships, the citizenship of limited liability companies is also based on the citizenship of all their members. Id. at 1080. Neither plaintiffs' original petition nor defendant's notice of removal contains any mention of Bay's partners, UOP's members, or their respective states of citizenship. Under Harvey these allegations are not sufficient to establish diversity jurisdiction.

Accordingly, defendant is **ORDERED** to file an amended notice of removal within twenty (20) days from the date of this Order to Amend that identifies Bay's partners, UOP's members, and their respective states of citizenship. Should defendant fail to file an

---

[3]Plaintiff's Original Petition, Exhibit 1 to Defendants' Notice of Removal, Docket Entry No. 1-1, p. 1 ¶¶ 2-3.

3

amended notice of removal within twenty (20) days that adequately alleges facts sufficient to establish subject matter jurisdiction, this action will be dismissed for lack of jurisdiction.

**SIGNED** at Houston, Texas, on this 15th day of June, 2016.

```
                              _____
                                        SIM LAKE
                              UNITED STATES DISTRICT JUDGE
```